**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Cause No. 4:22-CR-136-RLW-2** |
| **vs** ) | |
| ) | |
| **PHILLIP CUTLER,** ) | |
| ) | |
| **Defendant.** ) | |

## MOTION TO CONTINUE TRIAL SETTING

Comes now, Defendant Phillip Cuter, by and through counsel, and respectfully requests this Court continue the jury trial in this matter. In support thereof, counsel states as follows:

1. The trial in this matter is set tomorrow on March 11, 2024.

2. Defendant received additional disclosure (*"Jencks"*) on Friday, March 8, 2024.

3. Included in this disclosure was a document labelled as Detective Biondolino's notes from 2016.

4. Detective Biondolino's notes include exculpatory information.

5. His notes include additional information regarding the criminal liability of at least one witness.

6. Undersigned counsel has reason to believe that at least one witness will move to invoke his/her/their fifth amendment privilege.

7. On March 8, 2024, undersigned counsel learned that Detective Andrew Wilson of the St. Louis Metropolitan Police Department is the brother-in-law of co-defendant Cornelius Green.

8. Defendant had no idea whatsoever that a St. Louis City detective was related by law to co-defendant Green but also to a close relative of **another** witness in this case.

9. Detective Wilson had repeated contact with Mr. Green before the day of the homicide and on the day of the homicide.

10. Detective Wilson is potentially subject to criminal liability in this case.

11. Detective Wilson informed the defense on March 8, 2024 that the Government's cell phone records were "wrong".

12. On March 9, 2024, (yesterday) counsel for the government notified defense counsel that Detective Bobby Baine's report lacks accuracy.

13. That contention is not in the material ever disclosed to Defendant.

14. That contention is not supported by the main detective's report in this case, nor by any other subsequent report disclosed to the defense at any time.

15. Detective Biondolino's notes indicate that another witness in this case was considered suspect; but his report does <u>not</u> include that information. Defense received this information on Friday.

16. Detective Biondolino's notes indicate that he viewed surveillance footage of Green entering a condo that belonged to another witness who also has potential criminal liability.

17. Defendant's investigator, retired Lt. Colonel of the St. Louis Metropolitan Police Department, advised counsel that additional time is needed to investigate the information disclosed to Defendant yesterday afternoon, particularly as it relates to an alternative perpetrator (alternative "hitman") and the verbal notice provided <u>yesterday</u> to the defense that Detective Bobby Baine's is somehow inaccurate.

18. The United States objects to this motion.

WHEREFORE, Defendant respectfully requests that this Court continue the trial of this matter for four weeks so that Defendant can conduct additional investigation and effectively represent Defendant.

>Respectfully submitted,
>
>MUHLENKAMP & BERNSEN,
>ATTORNEYS AT LAW, LLC
>
>By: _/s/ Tory D. Bernsen_____
>Tory D. Bernsen, #62857MO
>103 W. Lockwood, Suite 206
>Webster Groves, Missouri 63119
>Phone: (314) 737-2899
>tbernsen@mbstlcriminaldefense.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2024, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all parties of record.

>_/s/ Tory D. Bernsen_